UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
CASE NO. 06-21459-CIV-COOKE/BROWN

PAOLA CUNNINGHAM,

    *Plaintiff*,

v.

ARIEL'S GAS & FOOD, CORP.,

    *Defendant*.

_____/

## ORDER ON MOTION TO STAY ENFORCEMENT OF JUDGMENT PENDING APPEAL

This matter is before me on Defendant's Motion to Stay Enforcement of Judgment Pending Appeal or in the Alternative, an Order Granting a Supersedeas Bond [D.E. 42], filed October 18, 2007. I have read the motion and Plaintiff's response. Defendant shall post a supersedeas bond pending appeal.

### I.   BACKGROUND

On September 21, 2007, I entered a Final Judgment in this case in favor of Plaintiff Paola Cunningham. *See* D.E. 40. The Final Judgment provides that Defendant Ariel's Gas & Food, Corp. must pay $13,273.12 in damages to Plaintiff. *Id.* Defendant filed a Notice of Appeal on October 18, 2007. *See* D.E. 43. Defendant requests that the execution of the judgment be stayed pending appeal because it is financially solvent. *See* D.E. 42. Defendant assures me that it will remain financially solvent during the course of the appeal. *Id.* Defendant has not, however, provided any documentation of its present financial condition or a plan under which it would remain financially solvent during the course of the appeal.

## II.  DISCUSSION

Federal Rule of Civil Procedure 62(d) states:

> When an appeal is taken the appellant by giving a supersedeas bond may obtain a stay . . . .  The bond may be given at or after the time of filing the notice of appeal or of procuring the order allowing the appeal, as the case may be.  The stay is effective when the supersedeas bond is approved by the court.

When a party appeals a district court's judgment, the party is entitled to a stay of a money judgment as a matter of right if he posts a bond under Rule 62(d).  *See United States v. Wylie*, 730 F.2d 1401, 1402 n.2 (11th Cir. 1984) (citing *Am. Mfr. Mut. Ins. Co. v. Am. Broadcasting-Paramount Theatres, Inc.*, 87 S.Ct. 1, 3 (1966)).  Rule 62(d) suggests that a court can only issue a stay of execution pending appeal when the judgment debtor posts a supersedeas bond.  *See Avirgan v. Hull*, 125 F.R.D. 185, 186 (S.D. Fla. 1989).  There are two instances, however, where federal courts have found that a bond is unnecessary to stay execution.  *Id.*; *see also Olympia Equip. Leasing Co. v. W. Union Tel. Co.*, 786 F.2d 794 (7th Cir. 1986).  The first one is where the defendant's ability to pay the judgment is so plain that the cost of the bond would be a waste of money.  *Avirgan*, 125 F.R.D. at 186.  The second one is where the requirement would put the defendant's other creditors in undue jeopardy.  *Id.*

Defendant argues that this case is a similar rare instance where the posting of a bond should not be required because it is financially solvent and will maintain the same degree of solvency during the course of the appeal.  Defendant has not made any financial disclosures that would allow me to determine whether it is financially solvent and whether it will remain financially solvent during the appeal.  *Id.* at 187 (stating that financial disclosures are necessary to determine whether the movant's financial position merits a finding that a bond is unnecessary to stay execution).  Defendant will, therefore, have to post a bond to stay execution pending its appeal.

Local Rule 62.1.A states: "A supersedeas bond staying execution of a money judgment shall be in the amount of 110% of the judgment, to provide security for interest, costs, and any award of damages for delay." The judgment in this case was $13,273.12. The amount of the bond should, therefore, be $14,600.43.

### III.  CONCLUSION

Defendant's Motion to Stay Enforcement of Judgment Pending Appeal or in the Alternative, an Order Granting a Supersedeas Bond [D.E. 42] is **GRANTED IN PART AND DENIED IN PART**. The execution is stayed until 3:00 p.m. on November 13, 2007. This stay of execution expires at 3:01 p.m. on November 13, 2007, unless the Defendant, through a bonding company authorized to do business in the United States District Court for the Southern District of Florida, posts and files with the Clerk of this Court a bond in the sum of $14,600.43.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 5th day of November 2007.

_____
MARCIA G. COOKE
United States District Judge

cc:
*All counsel of record*